Receipt Number

554877

$\mathcal{Z}3$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

             Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware
Corporation, TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC., a Delaware
Corporation, d/b/a BERNZOMATIC,

             Defendants.

Case No.  07-702263 NO
Judge: Isidore B. Torres

Case: 2:07-cv-10949
Assigned To: Edmunds, Nancy G
Referral Judge: Komives, Paul J
Filed: 03-05-2007 At 03:56 PM
REM LAMOUREAUX, ET AL V. HOME DEPOT
, ET AL (TAM)

| | |
|---|---|
| LAWRENCE R. ROTHSTEIN (P19697)<br>MARIO J. AZZOPARDI (P46971)<br>Attorneys for Plaintiffs<br>19068 W. Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-2048 | Matthew J. Stanczyk (P39559)<br>Plunkett & Cooney, P.C.<br>Counsel for Defendant Newell Rubbermaid<br>Buhl Bldg., 535 Griswold, Ste. 2400<br>Detroit, MI 48226<br>(313) 983-4823 |

## NOTICE OF REMOVAL OF CAUSE TO THE
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:      The United States District Court
           Judge of the Above Court

          PLEASE TAKE NOTICE that Defendant, NEWELL RUBBERMAID, INC., by

and through its attorneys, PLUNKETT & COONEY, P.C., pursuant to 28 U.S.C.A. §1332, 1441,

and 1446, hereby files this Notice of Removal of the above-captioned matter to the United States

District Court, Eastern District of Michigan, Southern Division, from the Wayne County Circuit

Court where the action is now pending, and states as follows:

          1.     The above-captioned matter was filed in Wayne County Circuit Court on

or about January 24, 2007, and is now pending in that court.

2.      That service upon Defendant Newell Rubbermaid, Inc., occurred on February 7, 2007.

3.      That Plaintiffs are and at all times herein have been a residents of the State of Ohio (see plaintiffs' Complaint ¶1(a) & 1(b)).

4.      That your Defendant Newell Rubbermaid, Inc. has its principal place of business in Georgia and is incorporated under the laws of the State of Delaware and therefore is not a resident of nor incorporated in the State of Michigan, but rather the State of Georgia.

5.      That your Defendant Home Depot, U.S.A., Inc. has its principal place of business in Georgia and is incorporated under the laws of the State of Delaware, and therefore it is not a resident of nor incorporated in the State of Michigan, but rather the State of Georgia.

6.      That your Defendant True Value Company has its principal place of business in Illinois and is incorporated under the laws of the State of Delaware, and therefore is not a resident of nor incorporated in the State of Michigan, but rather the State of Illinois.

7.      That the above captioned matter is a suit at common law of a civil nature, brought by your plaintiffs Michael Lamoureaux and Douglas Arnold in which they seek to recover damages, economic and non-economic, allegedly sustained as a result of the explosion of an allegedly defective hand held propane torch kit claimed to have been designed and manufactured by Newell Rubbermaid, Inc.

8.      Therefore, this matter involves a controversy which is wholly between citizens of different states and at the time of filing of this Petition, Plaintiffs are citizens of the State of Ohio and Defendants to this action are citizens of the States of Illinois and Georgia.

9.      Pursuant to 28 U.S.C. 1446, removal of this action is being sought within 30 days of service upon Newell Rubbermaid and is therefore timely.

10.     That this action is one over which the District Courts of the United States are given original jurisdiction.

11.     The time within which Newell Rubbermaid is required to file this Notice of Removal in order to remove this action to this court has not yet expired.

12.     That your Defendant Newell Rubbermaid, Inc. has received consent from Defendants Home Depot, U.S.A., Inc., and True Value Company to remove this action to this court as shown on Exhibit A.

13.     As appears from the allegations contained in Plaintiffs' Complaint, Plaintiffs seek to recover damages for physical injuries including mental and emotional injuries sustained as a result of the alleged explosion and allegedly defective hand held propane torch purportedly designed, manufactured and sold by the Defendants, such damages including but not limited to:

(a) That on or about April 26, 2004, while Plaintiffs were using the Bernzomatic "TS4000 Trigger Start Torch Kit" to heat a metal screw in a reasonably foreseeable and intended manner, it suddenly and without warning exploded, causing Plaintiffs to be showered with methyl acetylene propadiene and flames and suffered the injuries hereinafter set forth (see Plaintiffs' Complaint ¶9);

(b) That as a direct and proximate result of the Defendants' breaches of duties, negligence and gross negligence, the Plaintiffs, Michael Lamoureaux and Douglas Arnold, suffered severe burns, lacerations, multiple scars and other injuries requiring medical treatment, including but not limited to injuries to their muscles, ligaments, nerves and nervous systems, including injury to their heads, faces, necks, shoulders,

backs, arms, hands and other parts of their bodies which include multiple scars (see Plaintiffs' Complaint ¶16);

(c) That as a result of said incident the Plaintiffs, Michael Lamoureaux and Douglas Arnold, were made to suffer painful and debilitating injuries and scarring requiring medical treatment, including hospital treatment, surgery, physical rehabilitation therapy, nursing services and/or other medical treatment (see Plaintiffs' Complaint, P17);

(d) That as a result of said incident, the Plaintiffs suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiffs have incurred significant doctors' bills, medical bills and hospital bills and will continue to do so in the future (see Plaintiffs' Complaint ¶18);

(e) That additionally, the Plaintiffs have suffered a significant loss of earnings, income and/or permanent diminution of their earning capacity and that, because of the nature of said injuries, the Plaintiffs have been and continue to be unable to participate in many of the activities of life in which they were able to indulge prior to said injuries (see Plaintiffs' Complaint ¶19).

That therefore, this action involves one in which the amount in controversy is in excess of $75,000.00.

14.     Defendants file with this Notice a copy of all process, pleadings and orders served upon Defendants in this action.

15.     This action is removed to this Court under and by virtue of the Acts of Congress of the United States.

16.     Defendants has served written notice of the filing of this notice as is required by 28 U.S.C. §1446(d).

17.     A copy of this Notice will be filed with the Clerk of the Wayne County Circuit Court as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant NEWELL RUBBERMAID, INC., requests that this action proceed in this court as an action properly removed.

PLUNKETT & COONEY, P.C.,

Matthew J. Stanczyk (P39559)
Attorneys for Defendant Newell Rubbermaid
535 Griswold St., Suite 2400
Detroit, Michigan 48226
(313) 983-4823
mstanczyk@plunkettcooney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

              Plaintiffs,                        Case No.  07-702263 NO
                                              Judge:  Isidore B. Torres

vs.

HOME DEPOT U.S.A., INC., a Delaware
Corporation, TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC., a Delaware
Corporation, d/b/a BERNZOMATIC,

              Defendants.

| | |
|---|---|
| LAWRENCE R. ROTHSTEIN (P19697) | Matthew J. Stanczyk (P39559) |
| MARIO J. AZZOPARDI (P46971) | Plunkett & Cooney, P.C. |
| Attorneys for Plaintiffs | Counsel for Defendant Newell Rubbermaid |
| 19068 W. Ten Mile Road | Buhl Bldg., 535 Griswold, Ste. 2400 |
| Southfield, MI  48075 | Detroit, MI  48226 |
| (248) 355-2048 | (313) 983-4823 |

### VERIFICATION

STATE OF MICHIGAN       )
                            ) SS
COUNTY OF WAYNE      )

        MATTHEW J. STANCZYK, being first duly sworn, deposes and says that he is

an attorney for Defendant, NEWELL RUBBERMAID, INC., and that the foregoing Notice of

Removal is true in substance and in fact to the best of his knowledge, information and belief.

                                      Matthew J. Stanczyk

Subscribed and sworn to before me
this 5th day of March, 2007.

Notary Public
My Commission expires:



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

             Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware
Corporation, TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC., a Delaware
Corporation, d/b/a BERNZOMATIC,

             Defendants.

Case No.  07-702263 NO
Judge:  Isidore B. Torres

| LAWRENCE R. ROTHSTEIN (P19697) | Matthew J. Stanczyk (P39559) |
|---|---|
| MARIO J. AZZOPARDI (P46971) | Plunkett & Cooney, P.C. |
| Attorneys for Plaintiffs | Counsel for Defendant Newell Rubbermaid |
| 19068 W. Ten Mile Road | Buhl Bldg., 535 Griswold, Ste. 2400 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 355-2048 | (313) 983-4823 |

## AFFIDAVIT OF RECEIPT OF CONSENT

STATE OF MICHIGAN    )
                          )    SS.
COUNTY OF WAYNE    )

    Matthew J. Stanczyk of the law firm of Plunkett & Cooney, P.C., being first duly sworn,

deposes and states:

    1.    That prior to the time of the filing of this removal, I personally received consent from

Defendant True Value Company, specifically from Mr. William Strening, Assistant General Counsel

of the True Value Company, to remove the within matter to the United States District Court for the

Eastern District of Michigan, Southern Division.

2.      That prior to the time of the filing of this removal, I personally received consent from

Defendant Home Depot, U.S.A, Inc., specifically from Mr. Jonathan E. White, Senior Corporate

Counsel for Home Depot, U.S.A., Inc., to remove the within matter to the United States District Court

for the Eastern District of Michigan, Southern Division.

Further deponent sayeth not.

Matthew J. Stanczyk

Subscribed and sworn to before me

this 5th day of March, 2007

Notary Public

_____ County, Michigan
My Commission expires:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

       Plaintiffs,                       Case No.

vs.

HOME DEPOT U.S.A., INC., a Delaware
Corporation, TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC., a Delaware
Corporation, d/b/a BERNZOMATIC,

       Defendants.

| | |
|---|---|
| LAWRENCE R. ROTHSTEIN (P19697) | Matthew J. Stanczyk (P39559) |
| MARIO J. AZZOPARDI (P46971) | Plunkett & Cooney, P.C. |
| Attorneys for Plaintiffs | Counsel for Defendant Newell Rubbermaid |
| 19068 W. Ten Mile Road | Buhl Bldg., 535 Griswold, Ste. 2400 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 355-2048 | (313) 983-4823 |

## CERTIFICATE OF SERVICE

       Colette Nantais, states that she is employed by Plunkett & Cooney, P.C., and that on March 5, 2007, she caused to be served a copy of the attached Notice of Filing Removal, Notice of Removal of Cause To The United States District Court For The Eastern District of Michigan, Southern Division, Verification, Affidavit of Receipt of Consent For Removal, Civil Cover Sheet, and this Proof of Service upon the following:

LAWRENCE R. ROTHSTEIN
MARIO J. AZZOPARDI
19068 W. Ten Mile Road
Southfield, MI 48075

by enclosing same in a properly addressed envelope and depositing same in a receptacle of the United States Mail with full, first class postage affixed thereon.

                                   *Colette Nantais*
                                   Colette Nantais

**STATE OF MICHIGAN**

JURY FEE PAID
JAN 24 2007

D8
226

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

      Plaintiffs,

vs

HOME DEPOT U.S.A., INC.
a Delaware Corporation,
TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC.,
a Delaware Corporation, d/b/a
BERNZOMATIC,

      Defendants.

07-702263 NO   1/24/2007
JDG:ISIDORE B TORRES
LAMOUREAUX MICHAEL
    VS
HOME DEPOT USA INC



LAWRENCE R. ROTHSTEIN (P19697)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiffs
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048

FILED
CATHY M GARRETT
WAYNE COUNTY CLERK

JAN 24 2007

BY

There is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in this Complaint.

ROTHSTEIN, ERLICH
AND ROTHSTEIN P.L.L.C.

LAWRENCE R. ROTHSTEIN (P19697)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, by and

through their attorneys, ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C., and for their

2:07-cv-10949-NGE-MKM   Doc # 1   Filed 03/05/07   Pg 12 of 23   Pg ID 12

Complaint against the Defendants herein show unto this Honorable Court as follows:

### General Allegations

1a.     That the Plaintiff, MICHAEL LAMOUREAUX, was at all relevant times herein a resident of the Township of Redford, County of Wayne, State of Michigan.

1b.     That the Plaintiff, DOUGLAS ARNOLD, was at all relevant times herein a resident of the Township of Redford, County of Wayne, State of Michigan.

2a.     That upon information and belief, the Defendant, HOME DEPOT U.S.A., INC., is a Delaware corporation qualified to do business in Michigan, and was at all times relevant herein conducting a regular part of their business in the City of Livonia, County of Wayne, State of Michigan.

2b.     That upon information and belief, the Defendant, TRUE VALUE COMPANY d/b/a TruServ, is a Delaware corporation qualified to do business in Michigan, and was at all times relevant herein conducting a regular part of their business in the City of Livonia, County of Wayne, State of Michigan.

2c.     That upon information and belief, the Defendant, NEWELL RUBBERMAID, INC. d/b/a Bernzomatic, is a Delaware corporation qualified to do business in Michigan, and was at all times relevant herein conducting a regular part of their business in the City of Livonia, County of Wayne, State of Michigan.

3.     This cause of action arose in the Township of Redford, County of Wayne, State of Michigan.

4.     The amount in controversy exceeds Twenty Five Thousand and ($25,000.00) 00/100 dollars, exclusive of interest, costs and attorney fees.

## Count I - Negligence/Gross Negligence

5. Plaintiffs herein re-incorporate and re-allege Paragraphs 1 through 4 of the General Allegations of this Complaint with the same force an effect as if same were set forth in full hereunder, and further state:

6. On or about April 26, 2004, Plaintiff, MICHAEL LAMOUREAUX, purchased a *Bernzomatic* "TS4000 Trigger Start Torch Kit" at Defendant, HOME DEPOT U.S.A., INC.'s, store located at 13500 Middlebelt Road, Livonia, Michigan.

7. That on or about April 26, 2004, Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, while working at Plaintiff, MICHAEL LAMOUREAUX's, home in Redford Township, Michigan, used the *Bernzomatic* "TS4000 Trigger Start Torch Kit", a product as defined under Michigan statutory and common law, which was manufactured, designed, marketed, and/or sold by Defendants, HOME DEPOT U.S.A., INC., TRUE VALUE COMPANY d/b/a TruServ, and NEWELL RUBBERMAID, INC. d/b/a BERNZOMATIC.

8. That on or about April 26, 2004, Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, were exercising all reasonable care and caution when they were using the *Bernzomatic* "TS4000 Trigger Start Torch Kit" as it was intended, designed and marketed to be used, in a reasonably foreseeable and intended manner.

9. That on or about April 26, 2004, while Plaintiffs were using the *Bernzomatic* "TS4000 Trigger Start Torch Kit" to heat a metal screw in a reasonably foreseeable and intended manner, it suddenly and without warning exploded, causing Plaintiffs to be showered with methyl acetylene propadiene and flames and suffer the injuries hereinafter set forth.

10. That at all times relevant and material hereto, said *Bernzomatic* "TS4000 Trigger Start Torch Kit" was defective in manufacture, construction, design and/or labeling, and failed to comply

with relevant state, federal and consumer safety rules, standards and/or regulations.

11.     That the Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, did not ~~know nor should they have known that the *Bernzomatic* "TS4000 Trigger Start Torch Kit" presented~~ an unreasonable risk of injury as that suffered by Plaintiffs.

12.     That Defendants were negligent and/or grossly negligent in the manufacture, design, sale, distribution and/or labeling of the *Bernzomatic* "TS4000 Trigger Start Torch Kit" and their conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

13.     That the Defendants were negligent and/or grossly negligent by virtue of their marketing of said *Bernzomatic* "TS4000 Trigger Start Torch Kit" having made implied and expressed warranties that the torch kit was reasonably fit for the general uses and purposes intended, that it was free of any defects in its design or construction and/or manufacture, and was in a safe, fit and complete condition at the time it was sold.

14.     That Defendants breached the following duties owed to Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, both statutory and common law, by way of illustration and not limitation:

> A.     Defendants knew or should have known of the defective and hazardous condition of the torch kit based upon scientific and/or technical information reasonably available at the time of sale/distribution of the product;
>
> B.     Defendants had actual and/or constructive knowledge that this model and series of torch kit was defective at the time of sale and/or distribution;
>
> C.     Defendants had actual and/or constructive knowledge that there was a substantial likelihood the defective and hazardous condition of this torch kit

4

would cause the injuries sustained by Plaintiffs;

D. Defendants willfully and wantonly disregarded their actual and/or constructive knowledge of the defect(s) and the substantial likelihood it would cause severe injuries;

E. Failing to implement generally accepted production practices at the time of manufacture distribution and sale of the torch kit, which provide practical and technically feasible alternatives in production practice currently available and would have prevented the harm without impairing the usefulness or desirability of the torch kit;

F. Defendants failed to reasonably inspect and/or test the torch kit and/or its components during and after the course of manufacturing and prior to the time of sale to render or ensure the product safe for its users;

G. Failing to furnish a torch kit which was not unreasonably dangerous when used in the manner it was intended;

H. Failing to design a torch kit safe for its intended and reasonable anticipated uses;

I. Failing to use reasonable and ordinary care in planning or designing a torch kit so that it is reasonable safe for its intended purposes;

J. Manufacturing, designing, selling, marketing, maintaining and/or distributing a torch kit which was not reasonably fit for its intended uses;

K. Failing to take precautions or make reasonable efforts to protect against risks that are unreasonable and foreseeable;

L. Failing to supply appropriate warnings or instructions necessary for safe use;

M.   Manufacturing, designing, selling, marketing, maintaining and/or distributing a torch kit carelessly and heedlessly in willful disregard of the safety of the ~~public, without due caution and circumspection, so as to endanger persons~~ and property;

N.   Failing to adequately warn users of the torch kit's latent risks of injury;

O.   Failing to warn of dangers Defendants knew or had reason to know of in the torch kit's manufacture, design, assembly, maintenance and display;

P.   Failing to provide conspicuous warnings of danger Defendants knew or had reason to know which were reasonably foreseeable;

Q.   Allowing a dangerous product to be placed into commerce by manufacturing, designing, selling, marketing, maintaining and/or distributing a torch kit that was defective;

R.   Allowing a dangerous product to exist by selling and distributing and/or making available for use to Plaintiffs, a torch kit which was defectively designed, maintained and/or manufactured;

S.   Failing to reasonably supervise the manufacture, design, assembly, storage and display of the torch kit to insure that its condition was safe for the public's use;

T.   Failing to properly train, supervise, manage and /or instruct their employees, agents and/or representatives;

U.   Hiring and/or contracting the use of inferior employees who were not properly supervised, instructed, monitored or qualified to manufacture, design, assemble, store, display or stack the torch kit and/or its components;

6

W.    Committing other acts of negligence not yet known but which will be ascertained through the course of discovery in said litigation.

15.    That in the happening of the aforestated incident, the Plaintiffs were not negligent, but rather the Plaintiffs' injuries were the sole, direct, and proximate result of the Defendants' negligence and breaches of duties.

16.    That as a direct and proximate result of the Defendants' breaches of duties, negligence, and gross negligence, the Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, suffered severe burns, lacerations, multiple scars and other injuries requiring medical treatment, including but not limited to injury to their muscles, ligaments, nerves and nervous system, including injury to their, heads, faces, necks, shoulders, backs, arms, hands and other parts of their bodies which include multiple scars.

17.    That as a result of the said incident the Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, were made to suffer painful and debilitating injuries and scarring requiring medical treatment, including hospital treatment, surgery, physical rehabilitation therapy, nursing services, and/or other medical treatment.

18.    That as a result of the said incident, the Plaintiffs suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiffs have incurred significant doctor bills, medical bills, and hospital bills and will continue to do so in the future.

19.    That additionally, the Plaintiffs suffered significant loss of earnings, income and/or a permanent diminution of their earning capacity and that, because of the nature of said injuries, the Plaintiffs have been and continue to be unable to participate in many of the activities of life in which they were able to indulge in prior to said injuries.

7

WHEREFORE, the Plaintiffs pray for judgment in favor of Plaintiffs and against the Defendants in whatever amount this Court deems Plaintiffs are entitled, together with interest, costs, and reasonable attorney fees.

## Count II - Breach Of Warranties

20.      Plaintiffs herein re-incorporate and re-allege Paragraphs 1 through 4 of the General Allegations, Paragraphs 5 through 19 of Count I, of his Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

21.      The Defendants, made implied and expressed warranties regarding this *Bernzomatic* "TS4000 Trigger Start Torch Kit" which included, but were not limited to, a warranty as to its merchantability and a warranty of fitness.

22.      That despite the Defendants' implied and expressed warranties, the *Bernzomatic* "TS4000 Trigger Start Torch Kit" was defective and/or unsafe at the time of its sale to Plaintiffs and/or other members of the public.

23.      That as stated more specifically above, Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, suffered and/or sustained serious personal injuries, non-economic and economic damages as a direct and proximate result of the defect and/or defects with the *Bernzomatic* "TS4000 Trigger Start Torch Kit".

24.      That in the happening of the complained of incident, Plaintiffs were exercising all due care and caution, and were not negligent or using the product in an inappropriate or unforeseeable manner.

25.      The Defendants' implied and expressed warranties induced and caused Plaintiffs to rely upon Defendants' claims and representations when they used Defendants' torch kit.

26.      The Defendants expressly and impliedly warranted that the *Bernzomatic* "TS4000

8

Trigger Start Torch Kit" was fit for the ordinary purposes for which it was used and intended to be used.

~~27.     The Defendants expressly and impliedly warranted that the *Bernzomatic* "TS4000~~

Trigger Start Torch Kit" was fit for the particular purpose of consumers using the same to provide heat to various metal objects such as screws.

28.     The Defendants' express and implied warranties extended and applied to Plaintiffs, consumers, whom Defendants intended and/or should have reasonably expected to purchase, consume, use and/or be affected by this torch kit.

29.     That any disclaimers and/or attempt to disclaim the express and/or implied warranties extended by Defendants were ineffective and unreasonable.

30.     That any disclaimers and/or attempt to disclaim the express and/or implied warranties extended by Defendants were not conspicuous to the average consumer or reasonable person such as Plaintiffs.

31.     That any disclaimers and/or attempt to disclaim the express and/or warranties extended by Defendants did not contain proper disclosures or information warning of the potential hazards or dangers posed by Defendants' torch kit.

WHEREFORE, the Plaintiffs pray for judgment in favor of Plaintiffs and against the Defendants in whatever amount this Court deems Plaintiffs are entitled, together with interest, costs, and reasonable attorney fees.

9

Respectfully submitted,

ROTHSTEIN, ERLICH
AND ROTHSTEIN P.L.L.C.

LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiffs
19068 West Ten Mile
Southfield, MI 48075-2401
(248) 355-2048

Dated:   January 19, 2007

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL LAMOUREAUX and
DOUGLAS ARNOLD,

        Plaintiffs,

vs

HOME DEPOT U.S.A., INC.
a Delaware Corporation,
TRUE VALUE COMPANY,
a Delaware Corporation, d/b/a TRUSERV,
NEWELL RUBBERMAID, INC.,
a Delaware Corporation, d/b/a
BERNZOMATIC,

        Defendants.

07-702263 NO  1/24/2007
JDG:ISIDORE B TORRES
LAMOUREAUX MICHAEL
vs
HOME DEPOT USA INC

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiffs
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048



_____/

## DEMAND FOR JURY TRIAL

    Plaintiffs, MICHAEL LAMOUREAUX and DOUGLAS ARNOLD, by and through their

attorneys, ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C., hereby demand a trial by jury in the

above-entitled action.

                        Respectfully submitted,

                        ROTHSTEIN, ERLICH
                        AND ROTHSTEIN P.L.L.C.

                        LAWRENCE R. ROTHSTEIN (P19697)
                        Attorney for Plaintiffs
                        19068 West Ten Mile
                        Southfield, MI 48075-2401
                        (248) 355-2048

Date:  January 19, 2007

11

JS-44 11/99   **CIVIL COVER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

---

**I. (a) PLAINTIFFS**
Michael Lamoureaux and Douglas Arnold,

(b) County of Residence of First Listed: Wayne

(C) Attorneys (Name, Address and Telephone Number)
Lawrence R. Rothstein P19697
Mario J. Azzopardi P46971
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048

**DEFENDANTS**
Home Depot U.S.A., Inc., a Delaware corporation,
True Value Company, a Delaware corporation/d/b/a
Truserv, Newell Rubbermaid, Inc., a Delaware Corp.,
D/b/a Bernzomatic
County of Residence of First Listed  Georgia
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE LAND INVOLVED.

Attorneys (If Known)
Matthew J. Stanczyk P39559
Attorney for Defendant Newell Rubbermaid, d/b/a
Bernzomatic
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4823

---

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another | ☐ 2 | ☐ 2 | Incorporated and Principal Of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment and Enforcement Of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment Of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel And Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury --- Med. Malpractice
☒ 365 Personal Injury --- Product Liability
☐ 368 Asbestos Personal Injury Product

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rental Lease & ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FC
☐
☐
☐
☐
☐
☐
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

Case: 2:07-cv-10949
Assigned To: Edmunds, Nancy G
Referral Judge: Komives, Paul J
Filed: 03-05-2007 At 03:57 PM
REM LAMOUREAUX, ET AL V. HOME DEPOT
, ET AL (TAM)

☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI ( 405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS- Third Party 26 USC 7609

☐ 890 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization A
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

---

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another District (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (cite the U.S. Civil Statue under which you are filing and write brief statement of cause. Do not cite jurisdictional statues unless diversity.)
28USCA§1332, 1441 & 1446

---

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND in excess of $25,000.00
CHECK YES ONLY IF DEMANDED IN COMPLAINT:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE          DOCKET NUMBER

DATE  3/5/07

SIGNATURE OF ATTORNEY OF RECORD
x _(signature)_

PURSUANT TO LOCAL RULE 83.11

**1.     Is this a case that has been previously dismissed?**

☐ **Yes**
☐ **X No**

If yes, give the following information:

Court:_____

Case No.:_____

Judge:_____.

**2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court?  (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrences.)**

☐ **Yes**
☐ **X No**

If yes, give the following information:

Court:_____

Case No.:_____

Judge:_____

Notes:

Detroit.11592.70489.1216762-1